## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra, | Case No. 25-CV-894 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER FOR DISMISSAL** |
| Michelle Kathleen Ybarra, in her individual capacity, | |
| Defendant. | |

| | |
|---|---|
| Steve Salvador Ybarra, | Case No. 25-CV-938 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| David Lutz, Honorable Judge, in his official and individual capacity; Michelle Ybarra; Legal Assistance of Dakota County, LADC; and Lydia Clemens, Guardian ad Litem, | |
| Defendants. | |

Within a matter of days, Plaintiff Steve Salvador Ybarra filed two actions in this District concerning his ongoing divorce and child custody proceedings in Minnesota state court. *See Ybarra v. Ybarra*, Case No. 25-CV-0894 (KMM/DJF) ("*Ybarra I*"); *Ybarra v. Lutz, et al.*, 25-CV-0938 (KMM/DJF) (*"Ybarra II"*). Because his claims concern the same factual

1

matter, there is significant overlap between the two cases, thus warranting addressing both in the same order.

In each case, Mr. Ybarra has both filed an application to proceed *in forma pauperis* ("IFP") and has paid the filing fee. *See Ybarra I*, IFP App. [ECF Nos. 2 & 3]; *Ybarra II*, IFP App. [ECF Nos. 2 & 16]. These matters are therefore before the Court for preservice review pursuant to 28 U.S.C. § 1915(e) and the Court's inherent authority to dismiss frivolous actions, *see Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 409 296, 307-08 (1989). Upon that review, *Ybarra I* and *Ybarra II* are dismissed without prejudice, and all pending motions are therefore be denied as moot.

I. **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e), an IFP application will be denied, and an action will be dismissed notwithstanding the plaintiff's financial eligibility for IFP status, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all

reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Further, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II.     BACKGROUND

The Ybarras are in the midst of a contentious divorce involving questions of child custody. *See Ybarra v. Ybarra*, Case No. 19AV-FA-24-839 (Minn. Dist. Ct.). That case is currently set for a motion hearing in state court later this month and a court trial in June 2025. *See id.* (Index #216). Ms. Ybarra is represented by Legal Aid of Dakota County ("LADC"), a non-profit organization that provides legal services to financially eligible individuals, and Mr. Ybarra proceeds *pro se*.

In *Ybarra I*, Mr. Ybarra sues Ms. Ybarra, claiming that Ms. Ybarra misrepresented her income and assets to qualify for LADC services. He also claims that LADC, an

organization that receives federal funding, discriminated against him, a Mexican-American, by failing to enforce its own financial eligibility requirements. And he says that the assigned guardian ad litem ("GAL") has exhibited bias against him during state divorce proceedings. Mr. Ybarra expressly asserts four causes of action against Ms. Ybarra for (1) fraud and perjury; (2) violating his due process and equal protection rights under 42 U.S.C. § 1983; (3) violating Title VI of the Civil Rights Act, 42 U.S.C. § 2000d; and (4) wire fraud in violation of 18 U.S.C. § 1343. *Ybarra I*, Am. Compl. [ECF No. 7]. Mr. Ybarra has also filed a Motion for Expedited Discovery, *id.* [ECF No. 6], an Emergency Motion for Custody, *id.* [ECF No. 10], and a Motion for Temporary Restraining Order, *id.* [ECF No. 11].

In *Ybarra II*, Ybarra takes aim at the divorce and child custody proceedings themselves, claiming that the state trial court judge—Judge Lutz—has failed to rule on "urgent" motions, that Michelle Ybarra committed fraud and perjury by misrepresenting her income to the LADC in order to obtain their free legal services, that the LADC has represented her notwithstanding this fraud, and that Lydia Clemens, the assigned guardian ad litem, has submitted false reports to the court. *Ybarra II*, [ECF No. 1]. *Ybarra II* asserts the same four causes of action as *Ybarra I*. *Id.* In that case, Mr. Ybarra has also filed a Motion for Preliminary Injunction to Stay the State Court Proceedings, *id.* [ECF No. 3], a Motion for Expedited Consideration, *id.* [ECF No. 4], a Motion for Immediate Parenting Time Enforcement, *id.* [ECF No. 6], a Motion to Excuse Appearance,

4

*id.* [ECF No. 7]; an Amended Motion, *id.* [ECF No. 8], a Motion to Compel Ruling, *id.* [ECF No. 9], Motion to Disqualify, *id* [ECF No. 10], Notice of Motion and Motion for Attorneys' Fees and Sanctions, *id.* [ECF No. 11]; Motion for Temporary Restraining Order and Emergency Custody, *id.* [ECF No. 20], and Motion to Expedite, *id.* [ECF No. 21].

## III.   ANALYSIS

The Court considers *Ybarra I* and *Ybarra II* in turn, though some of the infirmities below are shared by both cases.

### A. *Ybarra I*

#### 1.  *Younger* **Abstention Doctrine**

As a threshold matter, the *Younger* abstention doctrine "requires that federal courts 'abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions.'" *Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024) (quoting *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012)).  In such cases, "principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief."  *Tony Alamo Christian Ministries*, 664 F.3d at 1249.

Here, the three *Younger* abstention factors have been met: Mr. Ybarra's state divorce and child custody proceedings remain ongoing.  *See Ybarra v. Ybarra*, Case No. 19AV-FA-24-839 (Minn. Dist. Ct.).  Second, the issues at play here—namely, child custody

and divorce—fall into the realm of domestic relations, an area of state concern where federal abstention is "particularly appropriate." *See Carlson v. Cnty. of Ramsey, Minn.*, Case No. 16-CV-765 (SRN/BRT), 2016 WL 3352196, at *6 (D. Minn. June 15, 2016) (listing cases); *Rubbelke v. Zarembinski*, Case No. 23-CV-0707 (PJS/ECW), 2023 WL 3094371, at *2 (D. Minn. Apr. 26, 2023) (concluding that numerous federal courts in this District have concluded that state family court proceedings give rise to *Younger* abstention) (listing cases). Finally, the state court proceedings provide an adequate opportunity for Ybarra to raise his federal issues. *Carlson*, 2016 WL 3352196, at *6 (listing cases). Ybarra, moreover, asserts no facts suggesting that some exception to *Younger* applies here. While Ybarra plainly believes that he has been treated unfairly, he points to no specific facts to suggest that "the proceeding is so fundamentally biased or unfair as to rise to the level of *Younger*'s bad-faith exception and to warrant federal court interference." *P.G. v. Ramsey Cnty.*, 141 F. Supp. 2d 1220, 1229 (D. Minn. 2001). To the extent, therefore, that *Ybarra I* requests injunctive or declaratory relief, *Younger* requires the Court to abstain from exercising jurisdiction over such claims.

**2.   Claims for Money Damages**

That said, *Ybarra I* requests not only injunctive relief, but also money damages, and *Younger* abstention does not clearly apply in such a circumstance. *See Yamaha Motor Corp U.S.A., v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999)(observing that *Younger* abstention does not prevent a court from exercising jurisdiction over claims for damages,

except in certain circumstances). But the Court has reviewed Mr. Ybarra's damages claims, and they are nevertheless dismissed as failing to state a claim, as explained below.

### *Claims Against Ms. Ybarra*

Recall that Ybarra sues Ms. Ybarra in *Ybarra I*, asserting (1) fraud and perjury; (2) violations of his due process and equal protection rights under 42 U.S.C. § 1983; (3) violations of Title VI of the Civil Rights Act of 42 U.S.C. § 2000d; and (4) wire fraud. *See Ybarra I*, [ECF No. 7]. There are several problems with these claims.

First, to establish a plausible 42 U.S.C. § 1983 claim, the plaintiff must show that "[he] ha[s] been deprived of a constitutional right by a person acting under color of state law." *Sabri v. Whittier Alliance*, 833 F.3d 995, 999-1000 (8th Cir. 2016) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)). Ms. Ybarra is plainly a private party. "A private party may be held liable under § 1983 only if it is a 'willful participant in joint activity with the State or its agents.'" *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1057-58 (D. Minn. 2013) (quoting *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009)). "A plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor regarding the violation of plaintiff's constitutional rights." *Id.* (cleaned up) (citing *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997)). "Mere allusion to such a conspiracy is insufficient; the conspiracy, or meeting

of the minds, must be pleaded with specificity and factual support." *Id.* at 1058 (citing *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991)).

Even setting aside the question of whether Ybarra pled a constitutional violation, Ybarra's § 1983 claim against Ms. Ybarra lacks any factual support. Ybarra argues that Ms. Ybarra's financial misrepresentations to the LADC not only induced the LADC to agree to represent her, but also influenced other parties, including the GAL and custody evaluator, to issue reports favorable to her (and unfavorable to him). Such argument falls far short of asserting specific and particularized facts showing that Ms. Ybarra, a private party, reached an agreement with a state actor to violate Mr. Ybarra's constitutional rights. *See Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1050 (D. Minn. 2010) ("[A] plaintiff alleging a conspiracy between a private party and a government actor must allege facts that would permit a reasonable jury to find that the two reached an agreement to violate the plaintiff's constitutional rights.").

Second, Ybarra's Title VI claim against Ms. Ybarra likewise fails. Title VI of the Civil Rights Act prohibits race discrimination in any program receiving federal funds. *See* 42 U.S.C. § 2000d. Ybarra makes no plausible argument—and certainly fails to assert any facts in support of that argument—that Ms. Ybarra, a private party, could reasonably be construed as a program receiving federal funding.

Third, Ybarra asserts that Ms. Ybarra has committed perjury, fraud, and wire fraud in violation of 18 U.S.C. § 1343 (claims one and four). To the extent that Ybarra contends

that Ms. Ybarra has committed a crime, this Court has no authority to investigate or prosecute such allegations. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case. . . ."). Further, to the extent that Ybarra asserts a *civil* claim against Ms. Ybarra for fraud, fraud is typically a state law claim, and he points to no source for a federal civil fraud cause of action in this matter. *See Williams v. Tweed*, 520 N.W.2d 515, 517 (Minn. Ct. App. 1994) (describing "reckless misrepresentation, negligent misrepresentation, and deceit" as falling under the "broad category of fraud"); *Whitson v. The Minn. Dep't of Health*, No. 19-cv-3165 (ECT/DTS), 2020 WL 5017823, at *4 (D. Minn. Aug. 25, 2020) ("Whitson identifies no federal basis for her fraud claim, and ordinarily that is a state-law claim.").

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Although 28 U.S.C. § 1331 establishes federal court jurisdiction over federal-law claims, this provision cannot supply original jurisdiction over state-law claims. The Eighth Circuit has counselled against the exercise of supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (explaining that dismissal without prejudice of state-law claims following pre-trial dismissal of all federal claims is the best course of action "[i]n most cases").

For these reasons, Ybarra's federal claims against Ms. Ybarra are dismissed for failure to state a claim, and any state law claims will therefore be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

*Allegations Against the GAL and the LADC*

One final matter requires some discussion: While Ms. Ybarra is the only identified defendant to *Ybarra I*, the Complaint nevertheless alleges that the LADC's representation of Ms. Ybarra violates *his* constitutional right to equal protection, and that the GAL was biased against him. Am. Compl. at 2, [ECF No. 7]. Recognizing that pro se pleadings are to be liberally construed, this Court considers whether these allegations assert a plausible claim for relief, concluding that they do not.

First, Ybarra asserts that the GAL "exhibited bias by treating [him] as an aggressor while assuming [Ms. Ybarra], a white-passing woman, was a victim." Am. Compl. at 2 [ECF No. 7].[1] But Ybarra provides no facts in support of this allegation. This Court is "not bound to accept as true a legal conclusion couched as a factual conclusion." *Iqbal*,

---

[1] The Court notes that Mr. Ybarra filed a Second Amended Complaint on March 20, 2025. [ECF No. 9]. However, Mr. Ybarra had already amended his original complaint. He was permitted that first amendment "as a matter of course." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Mr. Ybarra did not receive leave of court to file a Second Amended Complaint, and nothing in the record suggests he obtained Ms. Ybarra's consent to the amendment. Therefore, the Court disregards Mr. Ybarra's Second Amended Complaint. However, even had the amendment been permitted, the proposed Second Amended Complaint does not fix the problems identified here with the current operative pleading.

10

556 U.S. at 678. Accordingly, this allegation is insufficient to establish a plausible claim for relief. Moreover, the GAL is "entitled to absolute immunity for acts that occurred within the course of their court-appointed duties, even if their conduct was wrongful and illegal." *Arseneau*, 110 F.4th at 1118; *see also id.* ("Absolute immunity would afford only illusory protection if it were lost the moment a state officer acted improperly.") (cleaned up). To the extent, therefore, that Ybarra asserts a claim against the GAL in *Ybarra I*, such a claim is dismissed.

Finally, Ybarra claims that the LADC discriminated against *him*, a Mexican-American male, by electing to represent Ms. Ybarra. Ybarra asserts a cause of action under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Am. Compl. at 2-3 [ECF No. 7].

To prevail on a Title VI claim, the plaintiff "must show that his race, color, or national origin motivated the defendant's discriminatory conduct." *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 355 (8th Cir. 2020) (citing *Thompson v. Bd. of Special Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998)). To establish a section 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Ybarra asserts the LADC violated his right to equal protection under the Fourteenth Amendment. Both discrimination claims are analyzed under the same framework, requiring proof that

Ybarra was "treated differently from others similarly situated." *Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006); *Rowles*, 983 F.3d at 355 (explaining that to establish prima facie discrimination case under Title VI requires showing that plaintiff "was treated differently from similarly situated [persons] outside his protected class").

Here, Ybarra claims the LADC exhibited "racial and gender bias by denying [him] access to free legal aid while enabling [Ms. Ybarra's] fraudulent representations." Am. Compl. at 3 [ECF No. 7]. Such allegations are wholly conclusory. Moreover, Ybarra asserts no facts establishing that in declining to represent him, the LADC treated him any differently than any other similarly situated person. Thus, to the extent Ybarra also asserts claims against the GAL and LADC, those claims are similarly dismissed because he fails to state a claim.

*Conclusion*

In sum, *Ybarra I* will be dismissed without prejudice—this Court lacks subject matter jurisdiction over Ybarra's claims for injunctive and declaratory relief pursuant to *Younger*, and with respect to Ybarra's claims for money damages, the federal causes of action are dismissed for lacking an arguable basis in law or fact, and any state-law causes of action are dismissed for lack of subject matter jurisdiction. Mr. Ybarra's IFP Application, [ECF No. 2], Motion for Expedited Discovery, [ECF No. 6], Emergency Motion for Custody Transfer [ECF No. 10], and Motion for Temporary Restraining Order [ECF No. 11] are therefore denied as moot.

B. *Ybarra II*

*Ybarra II* identifies Judge David Lutz, Ms. Ybarra, LADC, and the GAL as defendants, and asserts the same cases of action as *Ybarra I*. *See Ybarra II*, Compl. [ECF No. 1]. Contrary to *Ybarra I*, however, *Ybarra II* exclusively requests injunctive and declaratory relief in the form of an injunction "staying" his state family court proceedings and prohibiting the defendants from further interfering with his "legal rights," an order granting him sole legal and physical custody of his children, and an order directing an investigation into his allegations of financial fraud and civil rights violation. *See Ybarra II*, Compl. [ECF No. 1].

*Younger* plainly precludes this Court from exercising jurisdiction over Ybarra's claims. As described above, Ybarra's claims arise from an ongoing child custody and divorce proceedings in state court. It is well established that *Younger* precludes federal courts, such as this one, from exercising jurisdiction over such cases. *See, e.g.*, *Rubbelke*, 2023 WL 3094371, at *2. And Ybarra has not established that any exception to *Younger* applies. Accordingly, *Ybarra II* will be dismissed without prejudice for lack of jurisdiction. Ybarra's IFP Application, [ECF No. 2], Motion for Preliminary Injunction, [ECF No. 3], and Motion for Expedited Consideration, [ECF No. 4], Motion for Immediate Parenting Time Enforcement, [ECF No. 6], Motion to Excuse Appearance, [ECF No. 7], Amended Motion, [ECF No. 9], Motion to Disqualify, [ECF No. 10], Notice of Motion and Motion for Attorney Fees, [ECF No. 11], Motion for Temporary Restraining Order, [ECF

13

No. 20], and Motion to Expedite Consideration, [ECF No. 21], are therefore denied as moot.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  *Ybarra v. Ybarra*, Case No. 25-CV-894 (KMM/DJF) is DISMISSED WITHOUT PREJUDICE—Ybarra's claims for injunctive and declaratory relief for lack of subject matter jurisdiction under *Younger* and with respect to Ybarra's claims for money damages, the federal causes of action are dismissed for lacking an arguable basis in law or fact and his state law causes of action are dismissed for lack of subject matter jurisdiction.

    a. Plaintiff Steve Salvador Ybarra's Application to Proceed IFP in *Ybarra I*, [ECF No. 2], is DENIED as MOOT.

    b. Plaintiff Ybarra's Motion for Expedited Discovery, [ECF No. 6], in *Ybarra I*, is DENIED as MOOT.

    c. Plaintiff Ybarra's Emergency Motion for Custody Transfer, [ECF No. 10], in *Ybarra I*, is DENIED as MOOT.

    d. Plaintiff Ybarra's Motion for Temporary Restraining Order, [ECF No. 11], in *Ybarra I*, is DENIED as MOOT.

2. *Ybarra v. Lutz, et al.*, Case No. 25-CV-938 (KMM/DJF) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

  a. Plaintiff Steve Salvador Ybarra's Application to Proceed IFP in *Ybarra II*, [ECF No. 2], is DENIED as MOOT.

  b. Plaintiff Ybarra's Motion for Preliminary Injunction, [ECF No. 3], and Motion for Expedited Consideration, [ECF No. 4], are DENIED as MOOT.

  c. Plaintiff Ybarra's Motion for Immediate Parenting Time Enforcement, [ECF No. 6], is DENIED as MOOT.

  d. Plaintiff Ybarra's Motion to Excuse Appearance, [ECF No. 7], is DENIED as MOOT.

  e. Plaintiff Ybarra's Amended Motion, [ECF No. 8], is DENIED as MOOT.

  f. Plaintiff Ybarra's Motion to Compel, [ECF No. 9], is DENIED as MOOT.

  g. Plaintiff Ybarra's Motion to Disqualify, [ECF No. 10], is DENIED as MOOT.

  h. Plaintiff Ybarra's Notice of Motion and Motion for Attorneys' Fees, [ECF No. 11], is DENIED as MOOT.

  i. Plaintiff Ybarra's Motion for Temporary Restraining Order, [ECF No. 20], is DENIED as MOOT.

j. Plaintiff Ybarra's Motion to Expedite Consideration, [ECF No. 21], is similarly DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: April 7, 2025                    *s/Katherine Menendez*
                                       Katherine Menendez
                                       United States District Judge